IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CENTRAL OREGON LANDWATCH, an
Oregon non-profit corporation,
and WATERWATCH OF OREGON, an
Oregon non-profit corporation,

      Plaintiffs,

   v.

KENT CONNAUGHTON, in his
official capacity as Regional
Forester of the Deschutes
National Forest, JOHN ALLEN, in
his official capacity as Forest
Supervisor of the Deschutes
National Forest, and the UNITED
STATES FOREST SERVICE, a
federal agency,

      Defendants,

   v.

THE CITY OF BEND,

      Defendant-Intervenor.

Case No.  6:13-cv-02027-AA
      O R D E R

Page 1 - ORDER

AIKEN, Chief Judge:

Plaintiffs Central Oregon Landwatch and Waterwatch of Oregon filed an environmental suit under the Administrative Procedures Act ("APA") against defendants Kent Connaughton, John Allen, and the United States Forest Service. Oregon Water Utilities Council, League of Oregon Cities, Special Districts Association of Oregon, and Oregon Water Resources Congress move to appear as amici curiae (collectively "Applicants"). Applicants' motion is granted.

### DISCUSSION

This dispute arises out of defendants' decision to approve defendant-intervenor the City of Bend's development proposal for a larger water pipeline infrastructure. On November 14, 2013, plaintiffs initiated this action, alleging that defendants' provision of a Special Use Permit to defendant-intervenor for the continued diversion of surface water from a Deschutes River tributary, and corresponding Environmental Assessment and Finding of No Significant Impact, violated the National Environmental Policy Act, the National Forest Management Act, the Federal Lands Policy and Management Act, and the Clean Water Act.[1]

On June 22, 2014, plaintiffs moved for summary judgment. On July 2, 2014, Applicants filed the present motion regarding "the correct rules of law that reflect the public's interest in the water supply." Appls.' Opening Br. 2. Specifically, Applicants "seek to address the application of in-stream water rights and

---

[1] Plaintiffs subsequently filed an amended complaint but did not materially alter their claims.

Page 2 - ORDER

state water quality standards, including the potential effects of Plaintiffs' contentions about in-stream water rights and state water quality standards on public water supply generally." Id. at 2-3. Applicants' respective roles and interests in this lawsuit are as follows:

> [Oregon Water Utilities Council] is comprised of public water utilities, large and small, from across Oregon . . . [it] has an interest in this case because the issues before the Court may affect the ability of [its] members to plan for and deliver adequate water supplies to the communities they serve.

> [League of Oregon Cities] is a voluntary statewide association representing all of Oregon's 242 incorporated cities . . . [its interest] arises because this Court's decision could affect the ability of cities in Oregon to provide a core service.

> [Special Districts Association of Oregon] represents nearly 900 special districts in Oregon, over 200 of which supply water to Oregonians . . . [it] has an interest in this case because the issues before the Court may affect the ability of [its] members to plan for and deliver adequate water supplies to the communities they serve.

> [Oregon Water Resources Congress] is a non-profit trade association that represents irrigation districts, water control districts, drainage districts, water improvement districts and other agricultural water providers across the State of Oregon.

Id. at 3-4.

"The district court has broad discretion to appoint amici curiae." Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). "The classic role of amicus curiae [is to assist] in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." Miller-Wohl Co. v. Comm'r of Labor & Industry, 694

Page 3 - ORDER

F.2d 203, 204 (9th Cir. 1982) (citations omitted). In other words, "[t]he position of classical amicus in litigation was not to provide a highly partisan account of the facts, but rather to aid the court in resolving doubtful issues of law" by providing information that "is timely, useful, or otherwise necessary to the administration of justice." United States v. Michigan, 940 F.2d 143, 165 (6th Cir. 1991) (citations omitted).[2]

Plaintiffs oppose Applicants' motion[3] on several grounds: (1) "[t]he issues Amici Applications seek to raise are extraneous [and require] the [improper] introduction of extra-record evidence"; (2) "they were afforded every opportunity to participate in the administrative proceedings that gave rise to this case, but chose not to"; (3) in-stream water rights are "not a novel legal issue warranting amici participation"; (4) "their position – representing the interests of municipal water providers – is already represented by the City"; and (5) "Applicants seek status not as amici curiae, friends of the court, but as amici reus, or friends of the defendant." Pls.' Resp. Br. 5-8.

Regarding their first contention, plaintiffs expressly articulate arguments in their summary judgment motion that may affect local government water providers need to access federal

_____

[2] As plaintiffs note, "[a]lthough neither the Federal Rules of Civil Procedure nor the Local Rules for the District of Oregon contain any specific procedural requirements regarding the standards for amici briefing, district courts often follow the Federal Rules of Appellate Procedure." Pls.' Resp. Br. 3 n.1 (citations omitted).

[3] Defendants and defendant-intervenor "support [Applicants'] Motion." Appls.' Opening Br. 2.

Page 4 – ORDER

lands or federal permits in Oregon. See, e.g., Pls.' Mem. in Supp. of Mot. Summ. J. 5-11. Applicants deny that they "intend to expound generally on public water policy . . . or on issues extraneous to the issues before the Court." Appls.' Reply Br. 3 (citations and internal quotations omitted); see also Appls.' Opening Br. 2-3. As such, the subject matter of Applicants' proposed amici curiae opinion falls squarely within the purview of this lawsuit. In addition, plaintiffs have not cited to, and the Court is not aware of, any authority precluding amici curiae from submitting extra-record evidence that fits within a generally recognized exception to the APA. See generally Pls.' Resp. Br.; see also Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv., 2005 WL 878602, *3-6 (D.Or. Apr. 8, 2005) (permitting interested parties "to participate as amici because the issues in this case are of broad general public interest and specific local interest . . . which includes the ability to present both legal arguments and extra-record materials that are of assistance to the court and that fall within the limited scope of the court's judicial review under the APA").

The Court also finds that Applicants' motion is timely. Applicants moved to appear as amici curiae within ten days of plaintiffs' summary judgment motion; they "did not seek to appear earlier because the issues they seek to address first came into the case with sufficient particularity [at that time]." Appls.' Opening Br. 3. This lawsuit had been pending for less than one year and no substantive rulings have been issued. While plaintiffs are correct that the record makes reference to certain facets of the state's

Page 5 - ORDER

water quality standards, the potentially far-reaching effects of plaintiffs' lawsuit was not clearly delineated until their summary judgment motion. Further, summary judgment briefing has been extended into October 2014, so that allowing Applicants to appear as amici curiae will not delay those proceedings. Further, plaintiffs will not be prejudiced by Applicants' amici curiae status because, as discussed below, they will have an opportunity to respond.

Concerning plaintiffs' third and fourth arguments, the fact that the Ninth Circuit and Supreme Court have addressed certain water rights issues that are collateral to this lawsuit is not dispositive. Indeed, if the issues presented here were as well-established as plaintiffs contend, there would be no need for this litigation. Applicants "do not seek to address the actions the United States Forest Service must take, which were the subjects of the cases Plaintiffs say apply here . . . [instead they] seek to explain the elements of state law and the context of the state law that Plaintiffs urge this Court to adopt, as well as those elements of state law Plaintiffs urge this Court to disregard." Appls.' Reply Br. 4. Moreover, Applicants embody a wide variety of water related interests, not just those of Oregon's municipalities, and the Court relies on their representation that they "will not reprise Defendants' or Defendant-Intervenor's arguments," such that plaintiffs' concerns relating to duplication are not warranted. Appls.' Opening Br. 3.

Finally, contrary to plaintiffs' assertion, the Court does not

Page 6 - ORDER

find that Applicants' amici curiae position presents a highly partisan account of the facts.[4] As Applicants observe, "[u]nder Plaintiffs' arguments, no party could ever appear as a friend of the court: offering views that supplement parties' arguments disqualifies an applicant; offering views consistent with parties' arguments disqualifies an applicant." Appls.' Reply Br. 2. Regardless, Applicants do not seek amici curiae status in order to opine about the correctness of defendants' actions. See id. at 4; Appls.' Opening Br. 2-3. In fact, they do not proffer any account of the facts; rather, Applicants intend to take a legal position and present legal arguments, "a perfectly permissible role for an amicus." Funbus Sys., Inc. v. Cal. Pub. Util. Comm'n, 801 F.2d 1120, 1124-25 (9th Cir. 1986).

In sum, Applicants timely moved for permission to provide unique information and perspective concerning a matter of broad general public interest and specific local interest that will aid the Court and supplement the efforts of existing counsel. As Applicants denote, they "appear frequently as friends of the courts in Oregon on issues of importance to local governments, . . . including on issues of water supply." Appls.' Opening Br. 4. Additionally, Applicants have interests that may be affected by the outcome of this case. Accordingly, the most appropriate course of

---

[4] To the extent they rely on Applicants' counsel's previous representation of defendant-intervenor as an indicator of bias, plaintiffs' argument is unavailing. As Applicants correctly recognize, "it is the applicants – not their counsel – on which the Court makes the decision to appear [amici curiae]." Appls.' Reply Br. 4.

Page 7 – ORDER

action is to allow Applicants amici curiae status. Nevertheless, the Court recognizes that, until it can actually review Applicants' brief and evidence, in conjunction with the parties' cross-motions for summary judgment, it is impossible to ensure the propriety or helpfulness of their position. Therefore, per their request, plaintiffs will be afforded the opportunity to respond to any alleged defects in Applicants' amici curiae brief. It should nonetheless be noted that the Court is capable of independently resolving conflicts in the record, questions of admissibility, and issues surrounding amici curiae opinions.

### CONCLUSION

Applicants' motion to appear as amici curiae (doc. 105) is GRANTED. Any amici curiae brief is due within 30 days of the date of this Order; plaintiffs shall then have 14 days to respond.

IT IS SO ORDERED.
Dated this 10th of August 2014.

_____
Ann Aiken
United States District Judge

Page 8 - ORDER